UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN R. MARINELLO,

    Plaintiff,

v.                                                          Case No: 2:16-cv-848-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Colleen R. Marinello's Complaint (Doc. 1) filed on November 23, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On March 11, 2015, Plaintiff filed an application for disability insurance benefits and supplemental security income. (Tr. at 93, 94, 188-200). Plaintiff asserted an onset date of January 30, 2015. (*Id.* at 188). Plaintiff's application was denied initially on May 15, 2015 and on reconsideration on July 20, 2015. (*Id.* at 93, 94, 95, 96). A hearing was held before Administrative Law Judge ("ALJ") Hope Grunberg on May 23, 2016. (*Id.* at 35-76). The ALJ issued an unfavorable decision on July 25, 2016. (*Id.* at 100-113). The ALJ found Plaintiff not to be under a disability from January 30, 2015, through the date of the decision. (*Id.* at 112).

On October 11, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-3). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 23, 2016. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 22).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2019. (Tr. at 102). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2015, the alleged onset date. (*Id.* at 103). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "obstructive sleep apnea; GERD; hypertension; residual effects of four transient ischemic attacks; minor neurocognitive disorder; and obesity." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*).

At step four, the ALJ found the following:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant should avoid workplace hazards such as unprotected heights, dangerous machinery, and motor vehicles. She is limited to understanding, remembering, and carrying out simple tasks. The individual is limited to making simple, work-related decisions.

(*Id.* at 106).

The ALJ determined that Plaintiff was unable to perform her past relevant work as an "event coordinator and administration." (*Id.* at 111). The ALJ considered Plaintiff's age,

education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative light occupations that Plaintiff was able to perform: (1) small parts assembler, DOT # 706.684-022, unskilled, SVP2; (2) electronics assembly worker, DOT # 726.687-010, unskilled, SVP 2; and (3) laundry folder, DOT # 369.687-018, unskilled, SVP 2. (*Id.* at 112).[2] The ALJ concluded that Plaintiff was not under a disability at any time from January 30, 2015, through the date of the decision. (*Id.* at 112).

D.     **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff raises four issues. As stated by Plaintiff, they are:

(1)     Whether the ALJ's decision was legally sufficient and supported by substantial evidence given that the ALJ failed to discuss and weigh the opinion of the Plaintiff's treating neurologist who treated the Plaintiff's Alzheimer's disease, Dr. Bond, that the Plaintiff is unable to work and is disabled.

(2)     Whether the ALJ had "good cause" for rejecting the opinion of the Plaintiff's treating psychiatrist, Dr. Machlin, and not giving it controlling weight on the grounds that Dr. Machlin's opinion was not "a function-by-function analysis," and because it was "not consistent with evidence of the claimant maintaining relationships with others and caring for a toddler" given that: Dr. Machlin responded to the questionnaire approved by Social Security Administration and sent to him by the ALJ herself; given that Dr. Machlin relied on the Plaintiff's problems with cognition for explaining the Plaintiff's problems with social functioning, not on her capabilities to maintain relationships; and given that the evidence in the record actually indicates that by the time Dr. Machlin started treating the Plaintiff, the Plaintiff became incapable of taking care of the toddler, and rather, started looking for someone to take care of herself.

(3)     Whether the ALJ fulfilled her duty to develop the record given that the Plaintiff was unrepresented at the hearing; given that, among others, there were inconsistencies between the VE testimony and the Dictionary of Occupational Titles ("DOT"); given that the ALJ has a special duty to develop the record when the claimant is unrepresented; and given that the ALJ failed to probe the VE concerning the inconsistencies between his testimony and the DOT, but only asked if the VE testimony was consistent with the DOT.

(4)     Whether the ALJ's decision was legally sufficient and supported by substantial evidence given that the record contains evidence that the Plaintiff has significant difficulties tolerating noises; given that the ALJ acknowledged this problem, but inexplicably only included a limitation to simple and unskilled tasks in the RFC, and did not include any limitations

on exposure to noise in the RFC; and given that the three jobs the ALJ found the Plaintiff could perform at step five require exposure to either moderate or loud noise.

(Doc. 29 at 1-2). The Court addresses each issue in turn.

### A. Whether ALJ Properly Weighed Dr. Bond's Opinion

Plaintiff argues that the ALJ failed to weigh and consider Dr. Bond's opinion. (Doc. 29 at 9). The Commissioner contends that even though "the ALJ did not specifically comment on Dr. Bond's statements that Plaintiff was disabled, [the ALJ] was not required to treat these statements of disability as medical opinions." (Doc. 30 at 7).

On May 23, 2014, Plaintiff saw Wendy Bond, M.D., for a recheck for TIA (transient ischemic attack or stroke). (Tr. at 381). Plaintiff reported she had strokes in September 2013. (*Id.*). Upon examination, Dr. Bond found Plaintiff's recent memory intact but her remote memory impaired. (*Id.* at 383). Dr. Bond assessed Plaintiff with short-term memory loss for over a year, difficulty with headaches, and difficulty with motor control on the right. (*Id.*). Dr. Bond ordered an MRI and a PET scan of the brain based upon Plaintiff's right-side weakness and ongoing short-term memory loss. (*Id.*). Dr. Bond further assessed Plaintiff with cerebrovascular accident, poor short-term memory, memory impairment, dizziness, organic memory impairment, disturbance of memory for order of events, memory lapses, amnesia for day-to-day facts, muscle weakness – left-sided weakness, and Alzheimer's disease. (*Id.* at 383-84).

Plaintiff returned on June 25, 2014. (*Id.* at 377). Dr. Bond reviewed Plaintiff's MRI of the brain, which was normal with minor white matter changes. (*Id.* at 380). Dr. Bond found Plaintiff's memory to be impaired and maintained the same diagnoses. (*Id.*).

The final medical records from Dr. Bond indicate that Plaintiff returned on December 17, 2014. (*Id.* at 374). Plaintiff saw Dr. Bond for a recheck of her memory loss. (*Id.* at 376). Dr.

Bond noted that Plaintiff saw Dr. Mable Lopez for neuro psych testing. (*Id.*). Plaintiff reported that her memory worsened from the last visit to Dr. Bond. (*Id.*). Dr. Bond opined, "I do believe [Plaintiff] will be unable to work due to her memory impairment." (*Id.*). Dr. Bond again diagnosed Plaintiff with Alzheimer's disease, cerebrovascular accident, memory impairment, memory lapses, muscle weakness – left-sided weakness, poor short-term memory, and organic memory impairment. (*Id.* at 376-77).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citations omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Additionally, the opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported

a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*[3]

In this case, the ALJ did not mention Dr. Bond by name in the decision and did not indicate the weight afforded Dr. Bond's opinion. The only mention of Dr. Bond's progress notes is in conjunction with other medical providers' progress notes that indicate, "[Plaintiff] had a stroke in September 2013 with left sided issues, clumsiness, blurred vision, neck pain and poor balance. The claimant also noted memory issues, facial drooping, balance trouble, left-sided weakness, and she occasionally drags the right leg. A physical examination found muscle stiffness, back pain, muscle pain and muscle weakness (Exs. 2F; 4F; 11F)." (Tr. at 107).[4]

Within Dr. Bond's progress notes, Dr. Bond included her judgments as to the nature and severity of Plaintiff's memory issues, Plaintiff's symptoms, and also Plaintiff's multiple diagnoses. (*See* Tr. at 374-84). Dr. Bond concluded that due to Plaintiff's memory problems, Dr. Bond believed Plaintiff was unable to work. (*Id.* at 376). The Court acknowledges that the ultimate determination of disability is within the purview of the ALJ. *See Rubin v. Colvin*, No. 8:13-CV-2432-T-AEP, 2015 WL 12856790, at *8 (M.D. Fla. Mar. 31, 2015); 20 C.F.R. § 404.1527(d)(1). In this case, however, Dr. Bond did not simply state that Plaintiff is disabled. Instead her progress notes contain her opinion as to the nature and severity of Plaintiff's memory issues and her many diagnoses relating to Plaintiff's memory impairments. Without the ALJ

---

[3] After Plaintiff filed her application and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court applies the rules and regulations in effect at the time of the ALJ's decision because the regulations do not specify otherwise. *See Green v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 516, 521 (11th Cir. 2017).

[4] In the administrative record, "4F" refers to Dr. Bond's progress notes. (*See* Tr. at 369-84).

articulating the weight to afford Dr. Bond's opinion, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning her conclusion that Plaintiff is able to work. *See Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009).

Thus, the Court finds that the ALJ erred in failing to consider and weigh Dr. Bond's opinion. Accordingly, the Court reverses and remands this action to the Commissioner to consider and weigh Dr. Bond's medical records and opinion.

### B. Remaining Issues

Plaintiff's remaining issues focus on the weight the ALJ afforded Dr. Machlin's opinion, the development of the record, and Plaintiff's tolerance for noise. Because the Court finds that on remand, the Commissioner must evaluate Dr. Bond's medical evidence in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

### III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to: (1) consider Dr. Bond's medical records; (2) reevaluate Dr. Machlin's opinion; (3) consider the development of the record; and (4) consider Plaintiff's tolerance for noise.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on March 12, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties